| STATE OF NORTH DAKOTA | DISTRICT COURT |
|---|---|
| COUNTY OF CASS | EAST CENTRAL JUDICIAL DISTRICT |

| | | |
|---|---|---|
| Bryan Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | Court File No. 09-2015-CV-00785 |
| vs. | ) | |
| | ) | **SUMMONS** |
| BNSF Railway Company, | ) | |
| a Delaware Corporation, and | ) | |
| Standard Steel, LLC, a Delaware | ) | |
| Limited Liability Company | ) | |
| | ) | |
| Defendants. | ) | |

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to appear and defend against the Complaint in this action which is herewith served upon you by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this 1st day of July, 2016.

MARING WILLIAMS LAW OFFICE, P.C.

By: _____
Duane A. Lillehaug, ND Bar #03232
1220 Main Avenue, #105
Fargo, ND 58103
(701) 241-4141
dlillehaug@maringlaw.com

-- and --

HUNEGS, LeNEAVE & KVAS, P.A.
Cortney S. LeNeave, #018424X
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511
cleneave@hlklaw.com
ATTORNEYS FOR PLAINTIFF

EXHIBIT A

| | |
|---|---|
| STATE OF NORTH DAKOTA | DISTRICT COURT |
| COUNTY OF CASS | EAST CENTRAL JUDICIAL DISTRICT |

Bryan Thompson,  )
                                )
                    Plaintiff,  )   Court File No. 09-2015-CV-00785
vs.  )
                                )   **AMENDED COMPLAINT**
BNSF Railway Company,  )   **JURY TRIAL DEMANDED**
a Delaware Corporation, and  )
Standard Steel, LLC., a Delaware  )
Limited Liability Company  )
                                )
                    Defendants.  )

COMES NOW the Plaintiff, Bryan Thompson, and for his claims and causes of action against the Defendant, BNSF Railway Company (BNSF), a Delaware corporation, and against Defendant Standard Steel, LLC (Standard Steel) states and alleges as follows:

## COUNT ONE (FELA – NEGLIGNECE)

[¶1] That the Plaintiff brings this action under the Federal Employers' Liability Act, Title 45, United States Code, §§51-60, and that this action is timely commenced within the meaning of 45 U.S.C. §56.

[¶2] That at all times material herein, the BNSF was the owner of, and was operating, various tracks and yards and had substantial operations in the County of Cass, State of North Dakota, and was and is engaged as a common carrier in interstate commerce.

[¶3] That at all times material herein, the Plaintiff was in the employ of BNSF working as a locomotive engineer, and that at the time of the occurrence of the accident herein, all or part of Plaintiff's duties were in the furtherance of the BNSF's business of interstate commerce.

[¶4] That on the date of the incident which is the subject of this lawsuit, Plaintiff was a resident of Cass County, North Dakota.

[¶5]  That as of the date of the incident that is the subject of this lawsuit, BNSF conducted significant business activity in Cass County, including a rail yard and headquarters for supervisory employees.

[¶6]  That this incident occurred in Cass County and that venue is proper in this County and Court.

[¶7]  That on or about 30th day of December, 2013, Plaintiff was in the course and scope of his employment working as a locomotive engineer for BNSF on its train at or near Casselton, North Dakota in Cass County. Plaintiff was operating BNSF's locomotive consist pulling a loaded eastbound oil tanker train. At or near Casselton, North Dakota, as Plaintiff's train approached and was passing an opposing westbound grain train on the adjacent tracks, suddenly and without warning a railcar from the opposing train derailed onto Plaintiff's track. Despite Plaintiff's best efforts to slow and stop his train, his lead locomotive struck the railcar, causing the locomotive to derail. A number of oil tankers near his now-derailed locomotive exploded and caught fire. As a result, Plaintiff was caused to suffer severe and permanent injuries and damages.

[¶8]  That BNSF violated the Federal Employers' Liability Act, 45 U.S.C. §§51-60, in the following ways:

    A.  Failing and neglecting to provide Plaintiff with a reasonably safe place to work;

    B.  Failing to warn Plaintiff of the dangers of hauling explosive oil tank railcars and the tendencies of these railcars to rupture and explode upon suffering damage.

    C.  Failing and neglecting to properly inspect, maintain and repair its railroad cars, equipment, and track.

    D.  Failing and neglecting to adopt, install, implement and enforce safe methods of transporting hazardous products;

    E.  Negligently and carelessly allowing and permitting unsafe and dangerous conditions to exist on its tracks and equipment;

    F.    That the derailment occurred on property owned by BNSF and involved equipment owned, operated and maintained and controlled by BNSF. Derailments such as this do not occur absent failure of BNSF to properly and safely conduct its train operations, perform required track maintenance; and inspect its equipment;

    G.    Other acts of negligence as shown in discovery of this case.

As a result, Plaintiff was caused in whole or in part to be damaged as herein set forth.

## COUNT TWO (FELA/FSAA – STRICT LIABILITY)

Comes now the Plaintiff, and for his second cause of action against BNSF states and alleges:

[¶9]    Realleges Paragraphs 1 – 8 of Plaintiff's first cause of action herein as though set forth at length and in detail herein.

[¶10]    That BNSF violated the Federal Safety Appliance Act, 49 U.S.C. §§ 20301-20306 (FSAA), by using a railroad car on its line in a defective condition. That BNSF's FSAA violation holds BNSF strictly liable for Plaintiff's damages and bars the affirmative defense of contributory negligence.

## COUNT THREE (FELA/CFR – STRICT LIABILITY)

Comes now the Plaintiff, and for his third claim and cause of action against BSNF, states and alleges:

[¶11]    Realleges Paragraphs 1 - 10 of Plaintiff's first and second causes of action herein as though set forth at length and in detail herein.

[¶12]    That the damages sustained by Plaintiff and the resulting damages were caused, in whole or in part, by the BNSF's violation of the Code of Federal Regulations, including 49 CFR Parts 213, *et seq.*, and as such implicates 45 U.S.C. §§ 51-60, and § 53 specifically and, as such, BNSF is strictly liable for the injuries and damages sustained by Plaintiff.

[¶13] That BNSF's aforementioned C.F.R. and § 53 violations hold BNSF strictly liable for Plaintiff's damages and bar evidence of contributory negligence.

[¶14] That as a result of BNSF's negligence and statutory violations, individually and collectively, Plaintiff was injured, has suffered pain and loss of enjoyment of life in the past and will suffer pain and loss enjoyment of life in the future; has incurred expenses for medical treatment and hospitalization, and will incur these expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered permanent injury and disability, all to his injury and damage.

## COUNT FOUR (NORTH DAKOTA – NEGLIGENCE)

Comes now the Plaintiff and for his first cause of action against Standard Steel, states and alleges:

[¶ 15] Realleges Paragraphs 1 – 14 of this Amended Complaint as though set forth at length and in detail herein.

[¶ 16] Standard Steel is a Delaware limited liability company with its principal place of business in the State of Pennsylvania. Standard Steel does not maintain a registered agent in the State of North Dakota. Standard Steel may be served with process pursuant to N.D. R. Civ. P. 4 by delivering a copy of the complaint to a person designated in such rule.

[¶ 17] Standard Steel is a non-resident which has continuous and systematic contacts in the State of North Dakota by regularly conducting business in this State. At all times relevant to these causes of action, Standard Steel was conducting business in North Dakota by, among other acts and omissions, providing goods and services within this State, committing a tort within or outside the State causing injury to persons or property within the State, and by "doing business" within North Dakota as defined by the North Dakota Long Arm Statute. These causes of action arise out of such business and contact. Further, the exercise of jurisdiction over Standard Steel is

4

consistent with the Constitution and the laws of the United States of America and is consistent with traditional notions of justice, fair play and due process of law.

[¶ 18]   Venue is proper in Cass County under N.D. Cent. Code § 28-04-05 because Standard Steel does not reside in the state, and Plaintiff resides in said county.

[¶ 19]   Jurisdiction is proper in this Court under N.D. Const. Art. VI, 8 and N.D. Cent. Code § 27-05-06.

[¶ 20]   Standard Steel is in the business of manufacturing and supplying axles for railcars.

[¶ 21]   Standard Steel manufactured and supplied axles for use in railcars to a number of railroads including BNSF.

[¶ 22]   A number of the axles manufactured and sold by Standard Steel contained voids or other defects which caused its axles to fail while in use.

[¶ 23]   One of Standard Steel's axles was installed on a railcar which was part of a BNSF train traveling near Casselton, North Dakota on December 30, 2013.

[¶ 24]   One of Standard Steel's axles installed on the railcar described above failed suddenly and catastrophically on December 30, 2013, causing the derailment of two BNSF trains.

[¶ 25]   At all times relevant to these causes of action, Standard Steel acted or failed to act by and through its agents, employees, and other representatives, acting within the course and scope of their employment, agency or other relationship.

[¶ 26]   Standard Steel owed a duty to exercise reasonable care and failed to do so.

[¶ 27]   Standard Steel knew or in the exercise of reasonable care should have known that the axle sold would be used on a rail car in interstate commerce over potentially thousands of miles of track, and that if the axle was not properly refurbished, it would create an unreasonable risk of harm, including causing a derailment.

5

[¶ 28] Standard Steel owed an obligation to use reasonable care in manufacturing, refurbishing, and selling an axle.

[¶ 29] It was reasonably foreseeable to Standard Steel that its failure to use reasonable care to manufacture, refurbish, and sell this axle could be a proximate cause of substantial and serious injuries to persons, including Plaintiff, affected by a derailment.

[¶ 30] Standard Steel breached its duty and was negligent as that term is defined by law by, among other acts and omissions:

   A.  Failing to use reasonable care in selling and manufacturing the axle in question;

   B.  Failing to detect a large void or defect in the axle;

   C.  Failing to properly inspect and test the axle before selling it for use in rail services;

   D.  Failing to properly, timely and adequately warn of potential risks associated with the axle before selling it for use in rail services;

   E.  Failing to properly warn of potential risks associated with the axle before selling it for use in rail services;

   F.  Other acts of negligence as shown in discovery of this case.

[¶ 31] As a result of Standard Steel's negligence when it breached its duty, Plaintiff was injured, has suffered pain and loss of enjoyment of life in the past and will suffer pain and loss enjoyment of life in the future; has incurred expenses for medical treatment and hospitalization, and will incur these expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered permanent injury and disability, all to his injury and damage.

## COUNT FIVE (NORTH DAKOTA – STRICT LIABILITY)

Comes now the Plaintiff and for his second cause of action against Standard Steel, states and alleges:

6

[¶ 32] Realleges Paragraphs 1 – 31 of this Amended Complaint as though set forth at length and in detail herein.

[¶ 33] Standard Steel is strictly liable under N.D. Cent. Code § 28-01.3-06 for damages caused by the defective axle sold, distributed, supplied and/or placed in the stream of commerce by Standard Steel, which is a "manufacturer" as defined by the relevant statute and case law in that Standard Steel was engaged in the business of manufacturing, selling, assembling and/or preparing a product or a component part of a product. Standard Steel is strictly liable under N.D. Cent. Code § 28-01.3-06 *et al* and/or other state law theories of product liability of North Dakota by reasons of the following:

- A. The axle was defective in its manufacture and construction when it left Standard Steel in that it deviated from product specifications, posing a serious risk of injury;

- B. The axle was defective in design or formulation in that when it left Standard Steel, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect, and that it had not been materially altered or modified prior to its use;

- C. The axle was defective due to inadequate warning or instruction because Standard Steel knew or should have known that the product created significant risks of serious injury to Plaintiff, and Standard Steel failed to adequately warn of such risks;

- D. Standard Steel is the manufacturer of the defective product or the part thereof claimed to be defective.

[¶ 34] As a result of Standard Steel creating the defect in the product, Plaintiff was injured, has suffered pain and loss of enjoyment of life in the past and will suffer pain and loss enjoyment of life in the future; has incurred expenses for medical treatment and hospitalization, and will incur these expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered permanent injury and disability, all to his injury and damage.

## COUNT SIX (PENNSYLVANIA – NEGLIGENCE)

Comes now the Plaintiff and for his third cause of action against Standard Steel, states and alleges:

[¶ 35] Realleges Paragraphs 1 – 34 of this Amended Complaint as though set forth at length and in detail herein.

[¶ 36] In the alternative, and in addition, Pennsylvania substantive law applies regarding Standard Steel's liability under the State's negligence laws.

[¶ 37] At all times relevant to these causes of action, Standard Steel owed a duty to act as a reasonable and prudent company would have acted under the same or similar circumstances. At all times relevant to these causes of action, Standard Steel owed a duty to act as a reasonable and prudent manufacturer and supplier of industrial equipment.

[¶ 38] At all times relevant to these causes of action, Standard Steel owed an obligation to use reasonable care in manufacturing its axles to ensure the safe operation of the railcars and trains affected by the axles' service. Further, at all times relevant to these causes of action, Standard Steel owed a duty to use reasonable care in manufacturing and inspecting its axles and to provide axles which were reasonably fit, suitable and adequate for use on railcars being hauled by railroads.

[¶ 39] Standard Steel knew, or in the exercise of reasonable care should have known, that the axles it manufactured and supplied would be used on railcars throughout the country, and if the axle was not properly designed or manufactured, it would create a substantial risk of harm, including the risk of a train derailment, beyond that which would be contemplated by the ordinary foreseeable user.

[¶ 40] It was reasonably foreseeable to Standard Steel that its failure to use reasonable care while manufacturing and inspecting its axles could be a proximate cause of substantial and serious injuries to persons affected by a derailment.

8

[¶ 41] Standard Steel breached its duty and was negligent as the term is defined by the law by, among other acts and omissions:

- A. Failing to use reasonable care in preparing, manufacturing and selling its axles, including the axle in question;

- B. Failing to properly inspect and evaluate its axles, including the axle in question, for voids and other defects before supplying the axle for use on a railcar;

- C. Failing to properly test the axle to detect voids and other defects within the axles, including the axle in question, before supplying the axle for use on a railcar;

- D. Failing to properly treat its axles, including the axle in question, before supplying the axle for use on a railcar;

- E. Failing to institute and implement proper quality control measures, processes and mechanisms for reviewing the work done for and on its behalf to detect voids and other defects in its axles including the axle in question;

- F. Failing to sufficiently and adequately warn Plaintiff or his employer, BNSF, of the risk of harm that was not readily recognizable through the exercise of reasonable care by Plaintiff or his employer, BNSF;

- G. Failing to comply with applicable statutes, codes, regulations and generally recognized safety practice and standards;

- H. Other acts of negligence as shown in discovery of this case.

[¶ 42] As a direct and proximate result of Standard Steel's negligence when it breached its duty, Plaintiff was injured, has suffered pain and loss of enjoyment of life in the past and will suffer pain and loss enjoyment of life in the future; has incurred expenses for medical treatment and hospitalization, and will incur these expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered permanent injury and disability, all to his injury and damage.

## COUNT SEVEN (PENNSYLVANIA – STRICT LIABILITY)

Comes now the Plaintiff and for his fourth cause of action against Standard Steel, stating and alleging:

[¶ 43] Realleges Paragraphs 1 – 42 of this Amended Complaint as though set forth at length and in detail herein.

[¶ 44] In the alternative, and in addition, Pennsylvania substantive law applies regarding Standard Steel's liability under the State's strict liability laws.

[¶ 45] At all times relevant to these causes of action, Standard Steel was in the business of designing, manufacturing, marketing and supplying industrial equipment including axles for railcars, and did design, manufacture, assemble, market, distribute, supply and otherwise introduce the axle in question into the stream of commerce.

[¶ 46] Standard Steel is liable through the doctrine of strict liability and tort for any and all defects in the axle arising out of the design, manufacture and marketing of its axles, including the axle in question, as set out in *Webb v. Zern*, 422 Pa. 424 (1966); *Azzarello v. Black Bros. Co.*, 480 Pa. 547 (1978); and other statutory and common law imposing strict liability.

[¶ 47] At all times relevant to these causes of action, the axle in question was utilized by BNSF on a railcar and was in substantially the same condition as when it left the manufacturer, Standard Steel.

[¶ 48] The axle in question was in an unreasonably and dangerously defective condition when it left Standard Steel's possession and/or control such that Standard Steel is liable under the doctrine of strict liability.

[¶ 49] Standard Steel is liable under the doctrine of strict liability for, among other acts and omissions:

    A.    Designing, manufacturing, and/or assembling a defective axle which Standard Steel knew or should have known subjected the reasonably foreseeable users to an unreasonable risk of axle failure and train derailment;

    B.    Selling, distributing and/or supplying a dangerously defective axle that Standard Steel knew or reasonably should have known subjected the

10

    reasonably foreseeable users to an unreasonable risk of axle failure and train derailment;

 C. Designing an axle containing improper and inadequate materials which fractured and caused the failure of the axle;

 D. Failing to design and supply an axle which was safe for all reasonably foreseeable uses;

 E. Failing to manufacture and supply an axle which was safe for all reasonably foreseeable uses;

 F. Failing to provide sufficient warnings to reasonably foreseeable users of the risk of harm that was not readily recognizable by the ordinary user while using the axle in a manner reasonably foreseeable by the manufacturer, Standard Steel;

 G. Failing to comply with applicable statutes, codes, regulations and generally recognized safety practices and standards.

[¶ 50] The defective condition of the axle in question made the axle unreasonably dangerous for its intended use, or for any use Standard Steel could have reasonably foreseen.

[¶ 51] At the time the axle entered the stream of commerce, safer alternative designs existed that were both economically and technologically feasible and would have significantly reduced the risk of fracturing and/or failing without substantially impairing the utility of the axle.

[¶ 52] As a direct and proximate result of Standard Steel's conduct, Plaintiff was injured, has suffered pain and loss of enjoyment of life in the past and will suffer pain and loss enjoyment of life in the future; has incurred expenses for medical treatment and hospitalization, and will incur these expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered permanent injury and disability, all to his injury and damage.

[¶ 53] WHEREFORE, Plaintiff Bryan Thompson prays judgment against the above-named Defendants, BNSF Railway Company and Standard Steel, LLC, jointly and severally, for the recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the

losses and damages, together with his costs and disbursements, pre and post-judgment interest, and reasonable attorneys' fees herein.

PLAINTIFF DEMANDS A TRIAL BY JURY.

MARING WILLIAMS LAW OFFICE, P.C.

Dated: 6-10-2016

Duane A. Lillehaug, ND Bar #03232
1220 Main Avenue, #105
Fargo, ND 58103
(701) 235-2268
dlillehaug@maringlaw.com

-and-

Cortney S. LeNeave, MN ID 018424X
HUNEGS, LeNEAVE & KVAS, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511
cleneave@hlklaw.com

ATTORNEYS FOR PLAINTIFF

STATE OF NORTH DAKOTA        DISTRICT COURT

COUNTY OF CASS               EAST CENTRAL JUDICIAL DISTRICT

| | | |
|---|---|---|
| Bryan Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | Court File No. 09-2015-CV-00785 |
| vs. | ) | |
| | ) | **AFFIDAVIT OF SERVICE** |
| BNSF Railway Company, | ) | **BY E-MAIL** |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF HENNEPIN  )

Shelley Emick, being first duly sworn, deposes and says that she is of legal age and not a party to the above entitled matter.

On June 30, 2016, Affiant served via e-mail a true and correct copy of the Summons and Complaint, to the following persons as indicated below:

**Elizabeth M. Sorenson Brotten**
Lind, Jensen, Sullivan & Peterson, P.A.
Direct: 612-746-0104|Cell: 612-743-0984
elizabeth.brotten@lindjensen.com

Shelley Emick

Subscribed and sworn to before me
this 30th day of June, 2016

Notary Public



SHERRI L. MAAS
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2020